**RIDGEWELL'S, INC d/b/a Ridgewell's Caterers, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**No. 01–1284.**

United States Court of Appeals, District of Columbia Circuit.

May 17, 2002.

Before EDWARDS, HENDERSON and GARLAND, Circuit Judges.

### JUDGMENT

**PER CURIAM.**

This cause was heard on the record from the National Labor Relations Board (Board) and on the briefs and arguments of counsel. It is

ORDERED that the petition for review be denied and that the cross-application for enforcement be granted. The Board reasonably determined, based on substantial evidence in the record, that the petitioner is a successor employee to Marriott Corporate Services/Thompson Hospitality L.P. because there is continuity of both workforce and enterprise. *See CitiSteel USA, Inc. v. NLRB*, 53 F.3d 350, 356 (D.C.Cir.1995) ("[T]he obligation of a new employer to recognize a union rests on two preconditions: 'a majority of the employees must have worked for the predecessor employer, and there must be continuity of operations.'") (quoting *United Mine Workers Local 1329 v. NLRB*, 812 F.2d 741, 743 (D.C.Cir.1987); *id.* at 354 ("We will uphold the NLRB's successorship determination unless it is not supported by substantial evidence or the Board acted arbitrarily or otherwise erred in applying established law to the facts of the case.") (citing *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 42, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987); *International Union of Petroleum & Indus. Workers v. NLRB*, 980 F.2d 774, 778 (D.C.Cir.1992)). Substantial evidence supports the Board's finding that the petitioner's catering workers functioned and were treated as employees, and not as independent contractors, so that the petitioner was under a duty to bargain with their collective bargaining representative and was prohibited from unilaterally changing their terms and conditions of employment. Nor is the Board's separate finding that the petitioner was not a "perfectly clear" successor *ab initio*—and was therefore "free to set initial terms on which it w[ould] hire the employees of [its] predecessor," *NLRB v. Burns Int'l Security Servs., Inc.*, 406 U.S. 272, 294–95, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972)—at odds with the Board's finding of a bargaining obligation based on the petitioner's subsequent hiring of substantially the same workforce to perform substantially the same work. Accordingly, the Board reasonably determined that the petitioner violated section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5), by refusing to bargain with its employees' collective bargaining representative and by unilaterally making changes to the terms and conditions of their employment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.